## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF GEORGIA
### PROBATION OFFICE

**RICHARD A. LONG**
CHIEF PROBATION OFFICER

P. O. BOX 8165
SAVANNAH 31412

PHONE: 912-650-4150
FAX: 912-650-4148



AUGUSTA 30903
P. O. BOX 760
PHONE: 706-849-4450
FAX: 706-849-4449

BRUNSWICK 31521
P. O. BOX 878
PHONE: 912-280-1350
FAX: 912-280-1349

STATESBORO 30459
P. O. BOX 1179
PHONE: 912-764-8876
FAX: 912-764-6046

**BRUNSWICK**

# MEMORANDUM

DATE:   October 5, 2006

TO:     Honorable James E. Graham
        United States Magistrate Judge

        Cameron H. Ippolito
        Assistant U. S. Attorney

FROM:   Fonda Dixon
        United States Probation Officer

RE:     Clifford Martin, CR No. 506-00006-002
        Waycross Division
        Represented by: William Preston

### REPORT OF APPARENT VIOLATION OF CONDITIONS OF RELEASE

This report is made pursuant to 18 U.S.C. § 3154(5).

Defendant appeared before Your Honor on June 29, 2006, and was released pursuant to 18 U.S.C. § 3142, on the bond previously set by the Middle District of Georgia on May 12, 2006, along with a modification including the condition the defendant refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner and submit to testing to determine if the defendant is using a prohibited substance.

Martin is being supervised on courtesy supervision in the Middle District of Georgia as he is a resident of Fitzgerald, Georgia. On July 25, 2006, Martin was instructed by his supervising probation officer, Todd Smith, to submit a urine specimen for urinalysis. The specimen tested positive for cocaine on a field test. The defendant admitted using cocaine on July 24, 2006, and signed an admission of drug use form. On August 29, 2006, Martin submitted a urine specimen that was positive for cocaine. He admitted using marihuana and cocaine on August 27, 2006, and signed an admission of drug use form. He was amenable to treatment at that time.

It was recommended by the probation office for the Middle District that Martin's conditions of release be modified to include a condition that he attend outpatient treatment or AA/ NA meetings in lieu of available outpatient treatment. At the present, outpatient treatment is not offered in Fitzgerald, Georgia, and the closest facility is in Tifton, Georgia. Martin has no transportation and is on disability.

A Consent to Modify Conditions of Release form was prepared by the supervising officer in the Middle District and forwarded to Martin by mail due to his lack of transportation. Martin signed the form on September 15, 2006. When the form arrived in the Brunswick U.S. Probation Office, the form was torn.

Numerous attempts to contact Martin in person in Fitzgerald have been made by the supervising officer in order to have him sign another form. This officer has been in contact with him and has rescheduled numerous appointments for him to report to the Brunswick U.S. Probation Office.

Martin reported to the Brunswick office on October 5, 2006. He signed the Consent to Modify Conditions of Release form. He submitted a urine specimen that tested positive for cocaine on a five-panel field test. He admitted that he used cocaine on October 3, 2006, and signed an admission of drug use form. He stated he called a treatment center in Brunswick on October 4, 2006, in an effort to get inpatient treatment. He stated he was told he would need to pay $400 for the program and he does not have the funds. This officer instructed him to call Behavioral Health Services in Tifton, Georgia.

Section 3148 of Title 18, U.S. Code provides that "The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court."

The Court may, on its own motion, cause the defendant to be brought before it, either by arrest or by summons, for the purpose of determining whether the order of release should be revoked or modified.

**Assessment and Recommendation:**

It is recommended that the defendant's conditions of release be modified to include the condition that he attend outpatient treatment. Although he has tested positive for cocaine on three occasions, he has not previously attended treatment. He indicated a willingness to seek treatment.

Reviewed by:

*/s/ Barry Barginnier*
J. Barry Barginnier
Supervisory U. S. Probation Officer

Approved: X

Not Approved: ___

*/s/ James E. Graham*
James E. Graham
United States Magistrate Judge

10-6-06
Date

PS 42
(Rev. 9/05)

# United States District Court
## Southern District Of Georgia

| | |
|---|---|
| **United States of America** ) | |
| ) | |
| vs. ) | |
| ) | |
| Clifford Martin ) | **Case No.** CR506-00006-002 |

## CONSENT TO MODIFY CONDITIONS OF RELEASE

I, _____Clifford Martin_____, have discussed with _____Fonda Dixon_____, Probation Officer, modifications of my release conditions as follows:

The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling. The defendant may attend A/A or N/A meetings in lieu of available outpatient counseling in his area.

I hereby waive a hearing and consent to this modification of my release conditions and agree to abide by this modification.

_Clifford Martin_  10-5-06          _Fonda Dixon_  10-5-06
Clifford Martin    Date              Fonda Dixon    Date
                                     United States Probation Officer

[X] The above modification of conditions of release is ordered.
[ ] The above modification of conditions of release is *not* ordered.

_James E. Graham_                    10-6-06
Honorable James E. Graham            Date
United States Magistrate Judge